# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LINDA WELSH, | Case No.: 2:18-cv-00228-APG-CWH |
| Plaintiff | **Order Granting One West Bank FSB's Motion to Dismiss** |
| v. | [ECF No. 15] |
| ONE WEST BANK FSB and OCWEN LOAN SERVICING LLC, | |
| Defendants | |

Plaintiff Linda Welsh executed a note and deed of trust on property located at 1461 Morning Crescent Street in Henderson, Nevada. A trustee's foreclosure sale occurred, followed by a homeowners' association (HOA) foreclosure sale. Welsh was eventually evicted. She now sues defendants One West Bank FSB (One West) and Ocwen Loan Servicing LLC (Ocwen) for breach of contract, wrongful foreclosure, equitable/promissory estoppel, fraudulent misrepresentation, negligence, violation of the Fair Credit Reporting Act (FCRA),[1] and defamation.

One West moves to dismiss, arguing that because Welsh and One West were parties to prior litigation in state court over this property, Welsh's claims are precluded. One West also argues Welsh's claims are untimely or fail to state a claim. I grant One West's motion. I dismiss with prejudice Welsh's claims for breach of contract, wrongful foreclosure, fraudulent misrepresentation, negligence, and defamation. I dismiss without prejudice Welsh's equitable estoppel and FCRA claims.

---

[1] Welsh's complaint alleges a violation of the "Fair Debt Reporting Act" but she acknowledges in her opposition to Ocwen's motion that she intended to allege a claim under the FCRA.

## I. BACKGROUND

In January 2007, Welsh executed a note and deed of trust on the property. ECF No. 10 at 6.[2] In June 2008, a Notice of Default and Election to Sell was recorded. *Id.* at 37. An assignment of the deed of trust was recorded in July 2008, assigning the deed to Indymac Bank FSB. *Id.* at 43. Welsh alleges that at some point in September 2008, she executed a loan modification agreement and began making payments under that agreement.[3] ECF No. 1 at 7. Despite this agreement, a Notice of Trustee's Sale was recorded in late September, and a foreclosure sale occurred, resulting in a Trustee's Deed Upon Sale being recorded in October 2008. ECF No. 10 at 45, 48.

Shortly thereafter, a Notice of Delinquent Assessment was recorded by the Seven Hills Master Community HOA. *Id.* at 116. In 2009, the HOA recorded a Notice of Default and Election to Sell and a Notice of Trustee's Sale. *Id.* at 118, 120. A Trustee's Deed Upon Sale was recorded, and the property was conveyed to Pacific Woods Rentals LLC (Pacific Woods) later that year. *Id.* at 122.

In April 2010, a Notice of Rescission of Trustee's Deed Upon Sale was filed with respect to the 2008 deed of trust foreclosure. ECF No. 10 at 52. In June 2010, IndyMac Bank assigned the deed of trust to One West. *Id.* at 59. The assignment conveyed to One West "all beneficial

---

[2] While as a general rule I may not consider material beyond the pleadings in ruling on a motion to dismiss, two exceptions apply here. I may consider material necessarily relied upon by the complaint if a document's authenticity is not contested. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). I also may take judicial notice of matters of public record, such as documents recorded with Clark County and state court filings. *Id.* at 689. Welsh's complaint necessarily relies on the deed of trust and related assignments as well as the foreclosure documents, and she does not dispute these documents' authenticity. Moreover, these documents are recorded and thus matters of public record proper for judicial notice. Finally, I may take judicial notice of the fact that certain documents were filed in state court.

[3] Welsh does not state with whom she entered into this agreement, only that it was "executed."

2

interest" under the deed as well as the note and "all rights accrued or to accrue under said Deed of Trust." *Id.* Welsh alleges "the Note was ultimately turned over" to Ocwen at some unspecified date. ECF No. 1 at 7.

Pacific Woods initiated eviction proceedings against Welsh, and filed suit in October 2010 in state court to quiet title to the property. ECF No. 15-2 at 34-47. Pacific Woods named both Welsh and One West as defendants. *Id.* Welsh was represented by counsel in that action. *Id.* at 51-53. The state court ruled in favor of Pacific Woods, and after appeals the case was closed in September 2016 and Welsh was evicted from the property. ECF Nos. 1 at 9; 15-3 at 46-48; 15-4. Welsh alleges that in 2017 one of the defendants (she does not specify which) sent her and the Internal Revenue Service (IRS) a "1099C" form stating the property had been foreclosed on and that there was a "deficiency judgment." ECF No. 1 at 9, 14.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Claim and Issue Preclusion

One West argues that Welsh's claims are precluded because they were both parties to the underlying state court litigation initiated by Pacific Woods, many of the issues Welsh now raises

were actually litigated in the state court case, and Welsh could have brought her claims in that lawsuit. Welsh responds that her claims are not precluded because although she appeared in that action, she was "waiting for [One West] to place the property back in her name." ECF No. 28 at 2. She asserts she had no obligation to file a cross-claim against One West, particularly where she agreed with One West that the 2008 foreclosure was a mistake and should be set aside. She further contends that preclusion does not apply because the same issues were not litigated, as the prior action was brought by Pacific Woods to quiet title and evict Welsh from the property.

I "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quotation omitted). I therefore look to Nevada's rules of preclusion to determine whether the prior state court litigation bars the claims in this case. *Id.*

### 1. Claim Preclusion

Under Nevada law, claim preclusion applies where: (1) "the final judgment is valid," (2) "the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a good reason for not having done so," and (3) "the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Weddell v. Sharp*, 350 P.3d 80, 85 (Nev. 2015) (en banc) (quotation and emphasis omitted). However, claim preclusion does not apply to "a judgment entered in a previous action in which the parties had been codefendants who had not filed any cross-claims against each other . . . because there had not been any adjudication between the parties on any cause of action." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d

465, 474 (Nev. 1998) (en banc) (quoting *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 911 (9th Cir. 1997)).

One West and Welsh were co-defendants in the state law action filed by Pacific Woods. Welsh could have filed permissive cross-claims against One West, but she was not required to do so. *See* Nev. R. Civ. P. 13(g). Under *Ticor Title*, claim preclusion does not apply.

### 2. Issue Preclusion

Although claim preclusion will not apply to co-defendants who do not file cross-claims in a prior action, issue preclusion can apply. *Ticor Title Ins. Co.*, 963 P.2d at 475. For issue preclusion to apply: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014) (quotation omitted).

There is no dispute that the final judgment in the Pacific Woods case was on the merits, final, and that Welsh was a party to the litigation. Welsh argues the issues are not identical, and thus the issues underpinning her claims in this case were not actually and necessarily litigated in the Pacific Woods case.

Some of the issues in the Pacific Woods case are identical to those at issue here, and those issues were actually and necessarily litigated. The state court in the prior litigation was determining the respective rights in the property as between Welsh, One West Bank, the homeowners association that foreclosed on the property, and Pacific Woods. To do so, the state court had to resolve various questions, including, for example, whether the 2008 foreclosure on

5

the deed of trust was valid. I analyze each claim to determine whether any of the issues actually and necessarily litigated in the prior action result in dismissal of Welsh's claims in this case. One West bears the burden of demonstrating Welsh's claims are subject to dismissal on the basis of issue preclusion. *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 717 (Nev. 2009) (en banc), *modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869, 870 (Nev. 2013) (en banc).

### B. Breach of Contract

Count one of the complaint alleges that Welsh and One West entered into a loan modification in September 2008, that Welsh was current on her payments under the modification, but that One West nevertheless foreclosed on the property. ECF No. 1 at 9. Welsh alleges One West admits the foreclosure was done in error, but that the foreclosure led to Welsh losing the property and being evicted. *Id.* at 9-10. One West argues this claim is precluded and untimely. One West also contends this claim is not adequately pleaded because Welsh has not alleged the terms of the alleged loan modification or facts showing that One West's breach is what led to her losing the property and being evicted.

Welsh responds that the issue of whether One West breached the loan modification was not addressed in the state court litigation. As to timeliness, she argues she had no reason to sue One West for a breach until the prior litigation concluded because One West was admitting the 2008 foreclosure was in error and it was not until that litigation concluded that it was determined Welsh no longer owned the property and could be evicted. Finally, Welsh contends she has adequately alleged the parties reached a loan modification agreement, that she was making her payments pursuant to that agreement, but that One West breached that agreement by foreclosing.

### 1. Issue Preclusion

One West has not shown Welsh's breach of contract claim is issue precluded. One West contends it is precluded because the state court ruled the 2008 foreclosure was valid even though Welsh argued to the state court that she had entered into a modification. However, the state court's findings of fact and conclusions of law say nothing about whether a loan modification agreement existed, whether Welsh performed under that agreement, whether One West breached the agreement by foreclosing, and whether Welsh suffered damages as a result. *See* ECF No. 15-4 at 7-13; *Walker v. State Farm Mut. Auto. Ins. Co.*, 259 F. Supp. 3d 1139, 1145 (D. Nev. 2017) (stating elements of a breach of contract claim). A ruling that the 2008 foreclosure was valid is not the same as a ruling that One West did not breach a contract by conducting that foreclosure. I therefore deny One West's motion to dismiss the breach of contract claim on issue preclusion grounds.

### 2. Statute of Limitations

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). Nevada Revised Statutes § 11.190(1)(b) "provides a six-year limitation period for contract actions, but is silent as to when such a cause of action accrues." *Schwartz v. Wasserburger*, 30 P.3d 1114, 1116 (Nev. 2001). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and

thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997). It is typically a fact question "when the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his breach of contract claim." *Soper By & Through Soper v. Means*, 903 P.2d 222, 224 (Nev. 1995)

IndyMac (not One West) foreclosed in 2008, so Welsh's claim is time-barred because she did not bring this claim until January 8, 2018. ECF No. 1 at 6. That is well beyond the six-year limitation period.

Welsh contends the limitation period should be tolled while the state court litigation was pending but she provides no legal basis for her argument. She states that she was "under the impression" that One West was "going to place the property back into her name" through the Pacific Woods litigation. ECF No. 28 at 6; *see also* ECF No. 1 at 8 (alleging she "was waiting to determine if the Court would set aside the HOA foreclosure, allow recision [sic] of the original foreclosure and title the property back in the name of the Plaintiff"). But Welsh cites no legal principle that would allow her to be aware of an alleged breach that deprived her of ownership of the property and yet not timely file suit on that breach. I therefore dismiss this claim with prejudice as time-barred.

**C. Wrongful Foreclosure**

Count two of the complaint alleges the 2008 foreclosure on the deed of trust was wrongful because Welsh was not in default under the loan modification. ECF No. 1 at 10. This claim is precluded because the issue of whether the 2008 foreclosure was valid was actually and necessarily litigated in the Pacific Woods case. The Pacific Woods case involved determining

8

all the parties' rights in the property.  To make that determination, the state court had to resolve various questions, including whether the 2008 foreclosure of the deed of trust was valid.  It found that it was, holding that under Nevada Revised Statutes § 107.080(5), "title vest[ed] in the bank without equity or right of redemption," and the bank thereafter owned the property. ECF No. 15-4 at 8-9.  Welsh cannot re-litigate whether that foreclosure was wrongful.

The claim is also untimely. To the extent the wrongful foreclosure claim is based on statutory violations, it is governed by a three-year limitation period. *See* Nev. Rev. Stat. §§ 11.190(3)(a), 107.080(5)-(6).  To the extent this is a tortious wrongful foreclosure, it is governed by a four-year limitation period. *See Deutsche Bank Nat'l Trust Co. v. Absolute Collection Servs., LLC*, 2:17-cv-02436-APG-VCF, ECF No. 30 (D. Nev. July 18, 2018).  Either way, the claim is untimely because no later than when Pacific Wood filed its lawsuit in October 2010, Welsh was on notice that the foreclosure may have terminated her ownership.  I therefore dismiss this claim with prejudice.

### D.  Equitable Estoppel

Count three asserts a claim for equitable estoppel, alleging that "the Defendant" represented that a loan modification had been executed and no foreclosure would occur, Welsh relied on that representation by making loan payments, and she was harmed when the property was foreclosed on and she was evicted. ECF No. 1 at 11.  One West argues Welsh fails to plead an equitable estoppel claim because One West did not make any promises to her, as it was not the lender at the time of the loan modification.  Additionally, One West argues Welsh fails to plead detrimental reliance because she made only a few mortgage payments after the alleged modification before filing for bankruptcy in 2009.  Finally, One West argues it was Pacific Woods that evicted her, not One West.

9

Welsh responds that One West represented that the 2008 foreclosure was a mistake and that it would rescind that sale. She also argues she had a right to rely on the representations.

"Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061-62 (Nev. 2005). There are four elements of equitable estoppel:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Id.* at 1062.

This claim is not issue precluded. Whether One West represented to Welsh there would be no foreclosure but nevertheless foreclosed, and whether Welsh relied on One West's conduct were not issues actually and necessarily litigated in the Pacific Woods state court case.

However, Welsh has not adequately alleged facts supporting this claim. Her complaint alleges the loan modification occurred in September 2008. At that time, IndyMac was the lender, not One West, and IndyMac conducted the 2008 foreclosure. *See* ECF No. 10 at 37-38, 48-50. The deed of trust was not assigned to One West until 2010. *Id.* at 59. Welsh has not alleged facts showing either that One West represented to her that no foreclosure would occur or that One West should be held responsible for IndyMac's alleged representations. I therefore dismiss this claim without prejudice to amend to add facts making this claim plausible against One West, if such facts exist.

**E. Fraudulent Misrepresentation**

Count four alleges "the Defendant" represented that the parties had executed a loan modification, that the "Defendant" nevertheless foreclosed, and as a result Welsh lost her

10

property and was evicted. ECF No. 1 at 12. One West argues this claim is untimely and is not pleaded with the requisite particularity under Federal Rule of Civil Procedure 9(b). One West also argues that it was not involved in the loan modification, so it did not make any misrepresentations related to the modification or the 2008 foreclosure. Welsh responds that she has adequately alleged she relied on One West's representations.

This claim is not issue precluded. The Pacific Woods state court case did not actually and necessarily litigate whether One West made any fraudulent misrepresentations to Welsh.

However, the claim is time-barred. Fraud claims are governed by a three-year limitation period which accrues "upon discovery by the aggrieved party of the facts constituting the fraud." Nev. Rev. Stat. § 11.190(3)(d). Welsh discovered the facts constituting the alleged fraud no later than when Pacific Woods filed its lawsuit in October 2010. At that point, she knew or should have known that the attempted rescission of the 2008 foreclosure was potentially ineffective and that she may no longer own the property. I therefore dismiss this claim with prejudice.[4]

**F. Negligence**

Count five alleges "the Defendant" had a duty "to ensure that the property would not be foreclosed on" because of the wrongful 2008 foreclosure and "Defendant's" attempts to undo that foreclosure. ECF No. 1 at 12. The complaint alleges One West breached that duty by not

---

[4] Further, this claim is not pleaded with particularity under Rule 9(b). Welsh does not identify who made the representation to her, when, by what means, or why One West might be liable for a representation allegedly made by IndyMac. And she has not alleged facts plausibly showing that either IndyMac or One West did not intend to perform at the time of the alleged misrepresentation. *See Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) ("The mere failure to fulfill a promise or perform in the future, however, will not give rise to a fraud claim absent evidence that the promisor had no intention to perform at the time the promise was made."). Welsh's allegations that One West tried for six years in the Pacific Woods litigation to uphold the rescission of the 2008 foreclosure suggests that, in fact, One West intended to perform any promise to attempt to undo the 2008 foreclosure.

11

placing the property back in Welsh's name, and Welsh lost the property as a result. *Id.* at 13. One West argues it owed no duty to Welsh beyond the scope of its role as a lender, and it had no duty to ensure she did not lose her home when the homeowners association foreclosed. Welsh responds that although a lender ordinarily does not owe a borrower a duty of care, the bank wrongfully foreclosed and One West then "filed the State Court law suit"[5] and "basically represent[ed]" Welsh's interests in the Pacific Woods case. ECF No. 28 at 9.

This claim is not issue precluded. Whether One West acted negligently in its attempts to undo the 2008 foreclosure was not actually and necessarily litigated in the Pacific Woods state court action. That its efforts to do so were unsuccessful was litigated, but not whether it owed a duty to Welsh, breached that duty, or thereby caused her damages.

A plaintiff must allege four elements for a negligence claim: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (en banc). Generally, a lender does not owe a duty of care to a borrower outside the terms of their loan transaction. *See Davenport v. Homecomings Fin., LLC*, No. 56322, 2014 WL 1318964, at *4 (Nev. Mar. 31, 2014) (citing *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991)). "[W]hether the defendant owes the plaintiff a duty of care is a question of law." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 244 (Nev. 2011).

IndyMac owed no duties to Welsh relating to the 2008 foreclosure outside the parties' loan transaction. Thus, if IndyMac wrongfully foreclosed, that would be addressed through a claim for breach of contract or wrongful foreclosure. One West allegedly admitting the mistake

---

[5] This is incorrect. Pacific Woods filed the lawsuit, not One West. ECF No. 15-2 at 34.

12

and taking steps to attempt to rescind the foreclosure does not give rise to a duty under the law running from One West to Welsh. As a matter of law, One West had no duty to Welsh beyond its contractual obligations. I therefore dismiss this claim with prejudice.

### G. FCRA

In count six, Welsh alleges that one of the defendants (she does not specify which) reported a foreclosure and missed payments on her credit report, in violation of the FCRA. ECF No. 1 at 13. One West argues Welsh has failed to state a claim under the statute because she did not allege that she disputed her credit report with a credit reporting agency, which is necessary to trigger One West's obligations under the statute.

The private right of action under the FCRA is limited to "duties triggered upon notice of a dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Welsh does not allege she disputed her credit report and does not respond to One West's argument, and so consents to dismissal on this basis. LR 7-2(d). Therefore, I dismiss this claim without prejudice. If Welsh can allege facts properly alleging a violation of the FCRA, she may amend this claim.

### H. Defamation

In count seven, Welsh alleges one of the defendants sent a "1099C" form to her and the IRS stating a foreclosure had occurred and there was a deficiency judgment. ECF No. 1 at 14. One West argues that because Welsh's property was foreclosed on and the debt on her loan forgiven, Welsh has failed to allege a false statement, which is a necessary element of a defamation claim. Welsh responds that the foreclosure should not have occurred and the debt should not have been forgiven.

To establish a claim for defamation, a plaintiff must show "(1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Chowdry v. NVLH, Inc.*, 851 P.2d 459, 462 (Nev. 1993). Based on the complaint's allegations, the statements on the form are not false and Welsh does not argue that they are false, only that the underlying actions should not have occurred. Welsh fails to allege an element of her claim and has not indicated there are any facts she could allege that would change this result. Therefore, I dismiss this claim with prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant One West Bank FSB's motion to dismiss **(ECF No. 15) is GRANTED.** All of plaintiff Linda Welsh's claims against One West Bank FSB are dismissed with prejudice, except her equitable estoppel and Fair Credit Report Act claims, which are dismissed without prejudice.

IT IS FURTHER ORDERED that Welsh may submit an amended complaint within 30 days of this order. Failure to file an amended complaint by that deadline will result in this case being closed.

DATED this 5th day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE