# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LINDA WELSH,

    Plaintiff

v.

ONE WEST BANK FSB and OCWEN LOAN SERVICING LLC,

    Defendants

Case No.: 2:18-cv-00228-APG-CWH

**Order Granting Ocwen Loan Servicing LLC's Motion to Dismiss**

[ECF No. 9]

    Plaintiff Linda Welsh executed a note and deed of trust on property located at 1461 Morning Crescent Street in Henderson, Nevada. A trustee's foreclosure sale occurred, followed by a homeowners' association (HOA) foreclosure sale. Welsh was eventually evicted. She now sues defendants One West Bank FSB (One West) and Ocwen Loan Servicing LLC (Ocwen) for breach of contract, wrongful foreclosure, equitable/promissory estoppel, fraudulent misrepresentation, negligence, violation of the Fair Credit Reporting Act (FCRA),[1] and defamation.

    Ocwen moves to dismiss, contending primarily that it was not a party to any of the contracts or actions that led to Welsh's eviction, which are the bases of the breach of contract, wrongful foreclosure, estoppel, misrepresentation, and negligence claims. Ocwen also argues Welsh did not comply with the FCRA's requirements to bring suit, and has not sufficiently alleged her defamation claim. Welsh responds that Ocwen assumed the liabilities on the note and so is responsible for the actions of prior lienholders and loan servicers. She does not respond

---

[1] Welsh's complaint alleges a violation of the "Fair Debt Reporting Act" but she acknowledges in her opposition to Ocwen's motion that she intended to allege a claim under the FCRA.

to Ocwen's argument regarding her FCRA claim. With respect to the defamation claim, Welsh does not argue that any false statements were made, but instead that the actions described by the statements should not have occurred.

I grant Ocwen's motion to dismiss. Welsh has not sufficiently alleged that Ocwen assumed the liabilities of prior lienholders or loan servicers on the note and deed of trust. Nor has she sufficiently alleged her claims for a FCRA violation or defamation. All of Welsh's claims against Ocwen are dismissed without prejudice except her defamation and wrongful foreclosure claims, which are dismissed with prejudice.

I. **BACKGROUND**

In January 2007, Welsh executed a note and deed of trust on the property. ECF No. 10 at 6.[2] In June 2008, a Notice of Default and Election to Sell was recorded. *Id.* at 37. An assignment of the deed of trust was recorded in July 2008, assigning the deed to Indymac Bank FSB. *Id.* at 43. Welsh alleges that at some point in September 2008, she executed a loan modification agreement and began making payments under that agreement.[3] ECF No. 1 at 7. Despite this agreement, a Notice of Trustee's Sale was recorded in late September, and a foreclosure sale occurred, resulting in a Trustee's Deed Upon Sale being recorded in October 2008. ECF No. 10 at 45, 48.

---

[2] While as a general rule I may not consider material beyond the pleadings in ruling on a motion to dismiss, two exceptions apply here. I may consider material necessarily relied upon by the complaint if the document's authenticity is not contested. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). I also may take judicial notice of matters of public record, such as documents recorded with Clark County. *Id.* at 689. Welsh's complaint necessarily relies on the deed of trust and related assignments as well as the foreclosure documents, and she does not dispute these documents' authenticity. Moreover, these documents are recorded and thus matters of public record proper for judicial notice.

[3] Welsh does not state with whom she entered into this agreement, only that it was "executed."

2

Shortly thereafter, a Notice of Delinquent Assessment was recorded by the Seven Hills Master Community HOA. *Id.* at 116. In 2009, the HOA recorded a Notice of Default and Election to Sell and a Notice of Trustee's Sale. *Id.* at 118, 120. A Trustee's Deed Upon Sale was recorded, and the property was conveyed to Pacific Woods Rentals LLC (Pacific Woods) later that year. *Id.* at 122.

In April 2010, a Notice of Rescission of Trustee's Deed Upon Sale was filed with respect to the 2008 deed of trust foreclosure. ECF No. 10 at 52. In June 2010, IndyMac Bank assigned the deed of trust to One West. *Id.* at 59. The assignment conveyed to One West "all beneficial interest" under the deed as well as the note and "all rights accrued or to accrue under said Deed of Trust." *Id.* Welsh alleges "the Note was ultimately turned over" to Ocwen at some unspecified date. ECF No. 1 at 7.

Pacific Woods initiated eviction proceedings against Welsh, and eventually filed suit in state court to quiet title to the property. *Id.* at 8. The state court ruled in favor of Pacific Woods, and after appeals the case was closed in September 2016 and Welsh was evicted from the property. *Id.* at 9. Welsh alleges that in 2017 one of the defendants (she does not specify which) sent her and the Internal Revenue Service (IRS) a "1099C" form stating the property had been foreclosed on and that there was a "deficiency judgment." *Id.*

## II. <u>ANALYSIS</u>

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). A plaintiff must make sufficient

factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. FCRA

Welsh alleges that one of the defendants (she does not specify which) reported a foreclosure and missed payments on her credit report, in violation of the FCRA. Ocwen argues Welsh has failed to state a claim under the statute because she did not allege that she disputed her credit report with a credit reporting agency, which is necessary to trigger Ocwen's obligations under the statute.

The private right of action under the FCRA is limited to "duties triggered upon notice of a dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Welsh does not allege she disputed her credit report and does not respond to Ocwen's argument, and so consents to dismissal on this basis. LR 7-2(d). Therefore, I dismiss this claim without prejudice. I grant Welsh leave to amend this claim if she can assert facts properly alleging a violation of the FCRA.

### B. Defamation

Welsh alleges one of the defendants sent a "1099C" form to her and the IRS stating a foreclosure had occurred and there was a deficiency judgment. Ocwen argues that because Welsh's property was foreclosed on and the debt on her loan forgiven, Welsh has failed to allege a false statement, which is a necessary element of a defamation claim. Welsh responds that the foreclosure should not have occurred and the debt should not have been forgiven.

To establish a claim for defamation, a plaintiff must show "(1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person;

(3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Chowdry v. NVLH, Inc.*, 851 P.2d 459, 462 (Nev. 1993). Based on the complaint's allegations, the statements on the form are not false and Welsh does not argue that they are false, only that the underlying actions should not have occurred. Welsh fails to allege an element of her claim and has not indicated there are any facts she could allege that would change this result. Therefore, I dismiss this claim with prejudice.

    *C. Breach of Contract*

Welsh alleges that she entered into a loan modification agreement in September 2008. She alleges she was current with her obligations under that agreement, but the property was foreclosed on anyway. Ocwen argues it was not a party to the deed of trust, loan modification agreement, or foreclosure, so it could not have taken any actions that would constitute a breach of contract. Welsh does not dispute Ocwen was not the servicer or holder of the note when the alleged actions occurred. However, she argues that when Ocwen "took over ownership [of the deed of trust and note], they also took over any rights, responsibilities associated with said Note." ECF No. 23 at 4.

The general rule under Nevada law is that when a transfer of assets occurs, the purchaser of those assets is not responsible for the debts or liabilities of the seller. *See Village Builders 96, L.P. v. U.S. Labs., Inc.*, 112 P.3d 1082, 1087 (Nev. 2005). One exception to this rule is when the purchaser expressly or impliedly agrees to assume such debts. *Id.* Welsh's only allegation regarding Ocwen's connection to the note and deed of trust is that the note was "ultimately turned over" to Ocwen. ECF No. 1 at 7. This vague allegation gives no hint as to what Ocwen's role actually is. Although Welsh argues in her opposition that Ocwen assumed the liabilities of

5

the deed's prior lienholders and loan servicers, she has pleaded no facts showing this to be the case or that the exception to the general rule should apply.

Welsh has not sufficiently pleaded that Ocwen is liable for a breach of the loan modification agreement. Therefore, I dismiss this claim without prejudice. If Welsh can allege facts sufficient to show that Ocwen assumed liability for the actions and agreements of the deed of trust's prior lienholders or loan servicers, she may amend her claim.

### D. *Wrongful Foreclosure, Equitable Estoppel, Fraudulent Misrepresentation, and Negligence*

The remainder of Welsh's claims arise from the alleged loan modification agreement and 2008 deed of trust foreclosure. As discussed above, Welsh does not allege Ocwen was actually involved, only that it assumed liability for these actions when the note was "turned over" to it. Welsh has not sufficiently pleaded facts showing Ocwen assumed liability for any of the actions taken by its predecessors. Therefore, I dismiss the estoppel, misrepresentation, and negligence claims without prejudice. If Welsh can allege facts showing Ocwen assumed liability for the actions and agreements of its predecessors, she may amend this claim.

Ocwen argues the wrongful foreclosure claim should be dismissed with prejudice because the validity of the 2008 foreclosure was litigated and decided in the Pacific Woods state court case. Welsh responds that the claim could not have been litigated because she expected that litigation to set aside the foreclosure sale.

To apply issue preclusion, (1) the issue in the prior and current litigation must be identical, (2) the initial ruling must have been a final ruling on the merits, (3) the party against whom the judgment is asserted must have been a party to or in privity with a party to the prior litigation, and (4) the issue must have been actually and necessarily litigated. *Five Star Capitol*

*Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).  Here, the issue is the validity of the 2008 foreclosure, which Welsh alleges was not conducted in compliance with Nevada Revised Statutes § 107.080.  One of the issues in the state court litigation was the validity of the 2008 foreclosure.  The state court found that this foreclosure "complied with all of the provisions of NRS 107.080." ECF No. 10 at 134.  This ruling was on the merits as part of a final summary judgment order.  Welsh does not dispute she was a party to the state court action.  Finally, the issue was actually and necessarily litigated.  The validity of the foreclosure had to be adjudicated to determine in which party to quiet title.  Therefore, Welsh is precluded from relitigating the issue of the validity of the 2008 foreclosure, and I grant Ocwen's motion to dismiss the wrongful foreclosure claim with prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Ocwen Loan Servicing, LLC's motion to dismiss **(ECF No. 9) is GRANTED.**  Plaintiff Linda Welsh's claims against Ocwen Loan Servicing, LLC for defamation and wrongful foreclosure are dismissed with prejudice.  Her other claims against Ocwen Loan Servicing, LLC are dismissed without prejudice.

IT IS FURTHER ORDERED that Welsh may submit an amended complaint within 30 days of this order.  Failure to file an amended complaint by that deadline will result in this case being closed.

DATED this 5th day of September, 2018.

                                                                                    ANDREW P. GORDON
                                                                                    UNITED STATES DISTRICT JUDGE