# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LINDA WELSH,

    Plaintiff

v.

ONE WEST BANK FSB and OCWEN LOAN SERVICING LLC,

    Defendants

Case No.: 2:18-cv-00228-APG-CWH

**Order Granting Defendants' Motions to Dismiss**

[ECF Nos. 39 and 40]

    Plaintiff Linda Welsh executed a note and deed of trust on property located at 1461 Morning Crescent Street in Henderson, Nevada. A trustee's foreclosure sale occurred, followed by a homeowners' association (HOA) foreclosure sale. The purchaser at the HOA foreclosure sale eventually evicted Welsh from the property. Welsh sues defendants One West Bank FSB and Ocwen Loan Servicing LLC for equitable estoppel and violation of the Fair Credit Reporting Act (FCRA) for events arising out of the two foreclosures.[1]

    One West and Ocwen move to dismiss, arguing that Welsh fails to allege facts showing that either defendant is liable for the alleged misrepresentations of their predecessor to support her equitable estoppel claim. The defendants also argue that Welsh fails to allege sufficient facts to state a FCRA claim, and even if she does she fails to allege a concrete injury and thus lacks standing.

---

[1] Welsh's first amended complaint restates all seven causes of action from her original complaint. I dismissed five of those claims with prejudice following One West's first motion to dismiss, leaving only her equitable estoppel and FCRA claims. Welsh acknowledges her amended complaint should not have included the other five claims. ECF No. 47 at 1. Consequently, I address only the equitable estoppel and FCRA claims.

The parties are familiar with the facts of this case, so I do not recite them here except where necessary. Because Welsh has failed to allege sufficient facts to support her claims, I grant the defendants' motions and dismiss Welsh's claims with prejudice.

## I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Equitable Estoppel**

"Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061-62 (Nev. 2005) (quotation omitted). The four elements of equitable estoppel are:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Id.* at 1062 (quotation omitted). The reliance must be justifiable. *Pellegrini v. State*, 34 P.3d 519, 531 (Nev. 2001) (en banc).

*1. Welsh's equitable estoppel claim against One West*

Welsh asserts a claim for equitable estoppel based on One West's acknowledgements that a loan modification had been executed, that Welsh was making payments under that loan

modification, and that One West attempted to rescind the 2008 foreclosure sale and place the property back in her name. ECF No. 38 at 6.  Welsh claims that her reliance on these representations is based on One West's "verbal communication[s]," acceptance of her loan modification payments, and its representations in state court. *Id.*  Also, Welsh alleges that she "was told" (the amended complaint does not specify by whom) that the lawsuit in state court was to rescind the sale and place the property back in her name to honor the loan modification. *Id.*

One West argues that Welsh is attempting to hold it liable for the alleged misrepresentations of its predecessor, IndyMac, based on One West's attempts to honor the rescission of the 2008 foreclosure after it was assigned Welsh's loan.  Welsh responds that while IndyMac originally held the loan, it was transferred to One West, who represented throughout the state-court lawsuit that the action was to rescind the foreclosure.  Welsh maintains that she relied to her detriment on One West's representations in the state-court action, as evidenced by her eventual eviction and the fact that several of her claims expired as a result of the lengthy litigation.

Despite her new allegations, Welsh fails to adequately allege her equitable estoppel claim.  At the time of the loan modification, IndyMac was her lender, not One West, and IndyMac conducted the 2008 foreclosure. *See* ECF No. 10 at 37-38, 48-50.  IndyMac assigned the deed of trust to One West after the 2008 foreclosure, the loan modification, and the attempted rescission in 2010. *Id* at 59.  As assignee, One West's subsequent acknowledgements during the state-court action that a loan modification had been executed, that Welsh made payments under that loan modification, and that IndyMac's 2008 foreclosure should not have occurred do not render One West liable for the alleged misconduct of its assignor.  Welsh has not alleged that One West accepted liability for IndyMac's misrepresentations before it assigned the deed of trust

3

to One West and she has identified no law that would make One West liable for Indymac's actions.

As for Welsh's alleged reliance on One West's representations during the state-court action, Welsh knew or should have known that One West could not follow through on a promise to return the property to her name unless it prevailed in that case. She therefore has not plausibly alleged she did not know the true facts or that she justifiably relied on One West's representations. Further, by her own allegations, One West actively litigated the state court action and there is no allegation that if One West had prevailed, it would not have abided by the loan modification and attempted rescission of the 2008 foreclosure.

Moreover, Welsh's equitable estoppel claim conflates the two separate foreclosure actions involved in this case. Welsh was evicted from the property based on her delinquent HOA assessments, which allowed the HOA to exercise its lien on the property, foreclose, and convey the property to Pacific Woods in 2009. Pacific Woods initiated the state-court action against both Welsh and One West. Even accepting that the 2008 foreclosure should not have occurred, the 2009 foreclosure that resulted in her eviction arose from Welsh's failure to pay her HOA assessments, not by her detrimentally relying on the representations of One West or IndyMac. Welsh was apprised of the true state of these facts. I therefore dismiss Welsh's equitable estoppel claim against One West.

Although I "should freely give leave [to amend] when justice so requires," my "discretion to deny such leave is particularly broad where the plaintiff has previously amended [her] complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quotations omitted). My prior order explained the defects in this claim, Welsh had an opportunity to properly allege it in an amended complaint, and she has failed to do so. She has

4

not explained how she would further amend if given leave. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Another amendment therefore would be futile. *Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014). I dismiss Welsh's equitable estoppel claim against One West with prejudice.

   2. *Welsh's equitable estoppel claim against Ocwen*

Welsh's equitable estoppel claim against Ocwen is based upon her allegations that One West "no longer exists" and that her loan was "ultimately turned over to" Ocwen. ECF No. 38 at 2. Ocwen argues Welsh is attempting to hold it liable for One West's alleged misrepresentations but that she fails to allege facts showing Ocwen accepted its predecessor's liability. Ocwen contends Welsh fails to allege that Ocwen was involved in the 2008 loan, that Ocwen made representations to Welsh regarding the loan modification, or that Welsh was harmed by any action Ocwen took. Welsh responds that because her loan was sold to Ocwen, it "is responsible for all the actions" taken by One West. ECF No. 49 at 2.

Welsh fails to allege sufficient facts to support her equitable estoppel claim against Ocwen. Welsh has not alleged facts showing Ocwen accepted liability for representations made by One West before it was assigned the deed of trust or that Ocwen accepted liability for One West's conduct. She cites no law for the proposition that Ocwen is liable for One West's actions because it was assigned Welsh's loan. Additionally, even if Ocwen could be liable for One West's actions, her claim still fails for the reasons discussed with respect to One West.

I therefore dismiss Welsh's equitable estoppel claim against Ocwen. For the reasons explained above, I dismiss this claim with prejudice.

/ / / /

/ / / /

5

**B. FCRA**

A FCRA claim against a furnisher of credit information is limited to "duties triggered upon notice of a dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). "These duties arise only after the furnisher receives notice of a dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties" to investigate the disputed information. *Id.* A furnisher may be liable if it willfully or negligently violates the FCRA. *Id.*

Welsh alleges that a defendant (she does not specify which) was "showing a foreclosure and missed payments" on her credit report, but she had been making payments on the loan modification following the 2008 foreclosure and thus "needed to be shown as current." ECF No. 38 at 9. Welsh claims she "informed representatives of One West" that her credit score was being "damaged" as a result of the reported foreclosure in violation of the FCRA. *Id.*

One West argues that Welsh fails to specify who reported the debt, when the debt was reported, or that One West failed to investigate the supposed inaccuracy as required under the FCRA. One West also asserts that Welsh does not allege "any concrete harm" that resulted from her damaged credit score as required for her to have standing. ECF No. 39 at 5-6. Finally, One West argues that Welsh fails to allege that it acted negligently or willfully in reporting the debt, as is required to establish liability under the FCRA. Ocwen raises similar arguments. Welsh does not specifically respond to these arguments.

Welsh does not allege that she notified a credit reporting agency of an inaccuracy in her credit report. Because One West and Ocwen are furnishers of Welsh's credit information, their FCRA duties are not triggered until they receive notice of a dispute from a credit reporting agency. Because Welsh does not allege she notified credit reporting agency, or that such an

6

agency notified One West and Ocwen, she fails to state a claim against those defendants. Similarly, Welsh does not allege that the defendants acted willfully or negligently. Consequently, Welsh fails to state a plausible FCRA violation. I dismiss Welsh's FCRA claim against One West and Ocwen with prejudice because I previously identified this defect in her original complaint and gave her an opportunity to amend.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant One West Bank FSB and defendant Ocwen Loan Servicing LLC's motions to dismiss **(ECF Nos. 39 and 40) are GRANTED**. The clerk of court is instructed to enter judgment in favor of defendants One West Bank FSB and defendant Ocwen Loan Servicing LLC and against plaintiff Linda Welsh.

DATED this 2nd day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE